```
                                                          RECEIVED
                                                  USDC CLERK. CHARLESTON, S.
        IN THE UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF SOUTH CAROLINA        2006 MAR 15 ⌐  :57
              CHARLESTON DIVISION
```

| | |
|---|---|
| Leland Fortney, #39884-018, ) | C. A. No. 2:05-2168-RBH-RSC |
| Petitioner, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Ruth Yancey, Warden, ) | |
| Respondent. ) | |

This habeas corpus petition brought by a federal prisoner proceeding pro se and in forma pauperis is before the undersigned United States Magistrate Judge for a report and recommendation on the respondent's motion for summary judgment filed on October 7, 2005. 28 U.S.C. § 636(b).

## FACTS

The petitioner, Leland Vincent Fortney, was arrested on June 6, 2001, by state of Florida law enforcement officers for failure to appear at pretrial conferences related to prior State of Florida criminal charges. Thereafter Fortney remained in the primary custody of the Florida Department of Corrections (FDOC). (Declaration of Betty Kemp, at 3).

On July 18, 2001, Fortney was indicted in the Middle District of Florida for the offense of Conspiracy to Defraud the United States, and, on September 26, 2001, Fortney was borrowed from the FDOC by the United States Marshals Service via a writ of

habeas corpus ad prosequendum to appear in the United States District Court for the Middle District of Florida on the charges. Id. at 4. On January 23, 2002, he pled guilty to the charge pursuant to a plea agreement and on July 12, 2002, Fortney was sentenced to 52 months of federal incarceration by the Honorable Elizabeth A. Kovachevich, United States District Judge. (Judgment and Commitment Order); Id. at 5.

On July 26, 2002, Fortney was returned to the Florida Department of Corrections to await disposition of his state charges. (Declaration of Betty Kemp, at 6). On September 25, 2002, Fortney was sentenced in the Polk County, Florida, Circuit Court of the 10th Judicial Circuit, to 52 months state incarceration to run concurrent to the federal sentence imposed on July 12, 2002. He was given credit toward his state sentence for all presentence custody. Subsequent to this sentencing, Fortney remained in the custody of the Florida Department of Corrections to serve the balance of his 52 month state sentence. Id. at 7. On March 19, 2004, Fortney's state sentence was reduced to one year and one day. (Respondent's Ex. 6). On April 6, 2004, Fortney completed serving his state sentence and was released from the Florida Department of Corrections into federal custody to begin service of his 52 month federal sentence. (Declaration of Betty Kemp at 8).

On September 7, 2004, Fortney requested the BOP to designate, *nunc pro tunc*, the state facility where he served his state sentence as the place for service of his federal sentence. A *nunc pro tunc* designation from BOP officials would have the effect of reducing his federal time to be served by the time he had already served on his state sentence following his conviction.

On November 10, 2004, the Southeast Regional Inmate Systems Administrator sent correspondence to the sentencing judge, Judge Kovachevich, asking for her input into Fortney's request and indicated:

> We are requesting the court review this case to determine if a *nunc pro tunc* designation by the Bureau of Prisons is appropriate. If the court has no objections, Mr. Fourtney's federal sentence would commence on July 12, 2002, the date of imposition. If the court does object, the federal sentence will remain computed as commencing on April 6, 2004.

(Respondent's Ex. 6)

On November 30, 2004, Judge Kovachevich responded to the Administrator and indicated she objected to Fortney's request and indicated that the federal sentence she imposed should remain computed as beginning on April 6, 2004, the date Fortney entered the federal prison. (Respondent's Ex. 6 Letter from Judge Kovachevich dated November 30, 2004).

On December 8, 2004, the Southeast Region Inmate Systems Administrator notified Fortney that his request was denied: "A

*nunc pro tunc* designation in your case would not be consistent with the wishes of the sentencing court." The Administrator cited to BOP Program Statement 5160.05, <u>Designation of State Institution For Service of Federal Sentence</u>: "A designation for concurrent service of sentence will be made only when it is consistent with the intent of the sentencing Federal court, or with the goals fo the criminal justice system." (Respondent's Ex. 8, Letter from Southeast Region Inmate Systems Administrator dated December 8, 2004). This petition followed on July 25, 2005.

Fortney is currently incarcerated at the Federal Correctional Institution (FCI) Williamsburg, South Carolina, and has a projected satisfaction date of January 14, 2008, via Good Conduct Time (GCT) release. (Sentence Monitoring Computation Data).

Fortney exhausted his administrative remedies, and jurisdiction over the respondent in this court is proper.

### GROUNDS FOR RELIEF

Fortney filed the instant petition for habeas corpus relief asserting the BOP has erroneously refused to give him credit toward his federal sentence for time served in a Florida state correctional facility pursuant to the State of Florida sentence. Fortney reasons that the BOP should never have inquired of the sentencing judge whether she intended to have his state time

credited against her federal sentence. Fortney asserts that the BOP has the sole authority to designate a state institution as the place to begin service of a federal sentence; however, "instead of using its own authority the BOP asked the sentencing federal district whether or not it objected to such a designation." (Complaint at 14). Fortney seeks a court order to the BOP to grant him a *nunc pro tunc* designating him to a Florida state correctional facility and release him as his federal sentence would now have been completed.

Fortney further alleges that the sentencing court committed a clear error in determining his state offense is not related to his current federal offense. He seeks release from prison.

### LAW

18 U.S.C. § 3621(b) grants the BOP discretion to select the place of a federal prisoner's confinement, stating that the agency may "designate any available penal or correctional facility that meets minimum standards of health and habitability ..., [regardless of] whether [the facility is] maintained by the Federal Government or otherwise ..., that [BOP] determines to be appropriate and suitable." 18 U.S.C. § 3621(b). The statute specifically directs BOP to consider five factors in making this determination:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;

5

>    (4) any statement by the court that imposed the
>    sentence--
>         (A) concerning the purposes for which the
>    sentence to imprisonment was determined to be
>    warranted; or
>         (B) recommending a type of penal or
>    correctional facility as appropriate; and
>    (5) any pertinent policy statement issued by the
>    Sentencing Commission pursuant to section
>    994(a)(2) of title 28.

## DISCUSSION

A review of the record and relevant case law reveals the respondent's motion should be granted in part and the BOP directed to evaluate the petitioner's request again in light of Trowell v. Beeler, 135 Fed.Appx. 590 (4th Cir. 2005). Trowell while unpublished, is nonetheless persuasive in this district.

Here the sentencing court did not indicate whether the federal sentence was to run consecutively or concurrently to any present or future state sentence.[1] Therefore, it fell to the BOP to decide whether Fortney's *nunc pro tunc* request was to be honored.

It appears that the BOP had considered any factors it intended to consider and had concluded it would grant the request before it sought input from Judge Kovachevich. The Administrator wrote to the judge that the *nunc pro tunc* would be granted unless

---

[1] Of course, even though the sentence imposed by the state of Florida was a concurrent sentence, that alone has no impact whatsoever on the federal judge's ability to sentence a defendant to consecutive time. U.S. v. Sakinger, 704 F.2d 29 (2d Cir. 1983) (federal court is not bound by terms of plea agreement between defendant and state authorities).

the court objected, the same factual situation presented in Trowell. This is the decision making process the Trowell court rejected:

> Here, BOP accorded controlling weight to the fourth factor, and it erred in doing so.
> Section 3621(b) obliges BOP to designate an appropriate facility for the service of a federal sentence. See id. ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."). By effectively delegating to the federal sentencing court ultimate decisional control over Trowell's request, BOP abdicated its statutory responsibilities under § 3621(b). Here, the record amply supports the conclusion that the agency denied Trowell's *nunc pro tunc* designation request solely on the basis of the federal sentencing court's objection. Prior to its correspondence with the federal sentencing court, BOP expressed its intent to allow the designation so long as "the [federal sentencing] Court ha[d] no objection." J.A. 85. In response to BOP's inquiry, the Supervising Probation Officer answered simply that the judge was "den[ying] Mr. Trowell's request for concurrency." J.A. 90. BOP subsequently informed Trowell that, "[b]ased upon the court[']s objection, [BOP] has determined a concurrent designation is not appropriate." J.A. 92. It is therefore clear that BOP effectively ceded veto power over its decision to the federal sentencing court. This sub-delegation of authority is incompatible with § 3621(b)'s command. While the statute allows BOP "to solicit the views of the sentencing judge," the judge's "decision is not controlling under the statute." Barden, 921 F.2d at 483; see also Pub. Serv. Co. v. ICC, 749 F.2d 753, 763 (D.C. Cir. 1984) (noting that agencies exercising discretion under federal statutes with multi-factor tests must take each factor into account and cannot "select any one factor as controlling"). While the federal sentencing court may of course express its views on the matter, BOP cannot simply accept these views at face value and accord them controlling weight as a blanket policy. In other words, BOP may not simply defer entirely to the will or the

>reasoning of the federal sentencing court when faced with an inmate's request for *nunc pro tunc* designation.

Id.

In sum, it appears that the BOP effectively ceded veto power over its decision to the federal sentencing court. This sub-delegation of authority is incompatible with § 3621(b)'s command.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that habeas corpus relief be granted to the extent the BOP is ordered to reevaluate the request at issue in a manner consistent with § U.S.C. §3621(b).

>Respectfully Submitted,
>
>Robert S. Carr
>United States Magistrate Judge

Charleston, South Carolina

March 15, 2006

8

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**
