IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| LELAND FORTNEY, ) | Civil Action No.: 2:05-cv-2168-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| RUTH YANCEY, WARDEN, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Pending before the court is Petitioner's [Docket Entry #1] writ of habeas corpus and Respondent's [Docket Entry #8] return and motion to dismiss, or in the alternative, motion for summary judgment.

**Facts and Procedural Background**

The Petitioner, Leland Vincent Fortney, is currently incarcerated at FCI Williamsburg, South Carolina and is proceeding *pro se*. On August 1, 2005, pursuant to 28 U.S.C. § 2241, Petitioner initiated this action contending that the Bureau of Prisons ("BOP") has refused to give him credit toward his federal sentence for time served in Florida state custody. Petitioner had previously requested that the BOP designate, *nunc pro tunc*, the state facility where he served his state sentence as the place for service of his federal sentence.[1] This designation by the BOP would consequently reduce Petitioner's federal time by giving him credit for the time he served in state custody.[2] On October 7, 2005, Respondent filed a return and motion to

---

[1] The Magistrate Judge's report and recommendation sets forth the specific relevant facts with regard to the Petitioner's history in Florida state custody. The court hereby incorporates by reference pages 1 through 4 of the Report. Report and Recommendation, at pgs. 1-4 [Docket Entry #12].

[2] According to the Petitioner, this designation by the BOP would also consequently result in his release from federal custody as his sentence would now have been completed. However, the court need not reach that issue in this case.

dismiss, or in the alternative, motion for summary judgment.

In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02, this matter was referred to United States Magistrate Judge Robert S. Carr for pretrial handling. On March 15, 2006, the Magistrate Judge issued his [Docket Entry #12] report and recommendations ("Report") in which he recommended that Petitioner's writ of habeas corpus be granted only to the extent that the BOP be ordered to reevaluate the Petitioner's request to designate, *nunc pro tunc*, the state facility where he served his state sentence as the place for service of his federal sentence. On March 27, 2006, Respondent filed [Docket Entry #13] objections to Magistrate Judge's report and recommendation.

### Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Analysis

In reaching his recommendation, the Magistrate Judge stated that 18 U.S.C. § 3621(b) grants the BOP discretion to select the place of a federal prisoner's confinement. The Magistrate Judge concluded that the BOP ceded veto power over the decisional authority granted to it by 18 U.S.C. § 3621(b) and that this sub-delegation of authority was incompatible with § 3621(b)'s mandate. Specifically, the Magistrate Judge reasoned that the BOP's inquiry of the sentencing court whether to grant Petitioner's request and the BOP's indication in its inquiry that the Petitioner's request would be granted unless the sentencing court objected violated § 3621(b). The sentencing court responded to the BOP's inquiry by stating that it objected to the Petitioner's request contending that the federal sentence should be computed beginning on the date the Petitioner entered federal custody rather than the date he began serving his state sentence. Following the sentencing court's response, the BOP denied the Petitioner's request in a letter dated December 8, 2004, stating that "*nunc pro tunc* designation in your case would not be consistent with the wishes of the sentencing court . . .A designation for concurrent service of sentence will be made only when it is consistent with the intent of the sentencing Federal court, or with the goals of the criminal justice system."

The Magistrate Judge found this case to be analogous to *Trowell v. Beeler*. No. 04-6531, 2005 WL 1181858 (4th Cir. May 19, 2005) (unpublished). This court agrees. In *Trowell* the inmate requested *nunc pro tunc* designation which the BOP initially indicated it was inclined to grant but that it first would seek the consent of the sentencing court. *Trowell*, 2005 WL 1181858, at *1. As in the instant case, the sentencing court objected to the designation request. *Id*. The BOP then wrote Trowell informing him that his designation

3

request was denied based on the court's objection. *Id*. Upon review, the Fourth Circuit stated that the "BOP abdicated its statutory responsibility to bring its independent judgment to bear on the matter. As a result, BOP's denial of Trowell's nunc pro tunc designation request was arbitrary and capricious and the agency necessarily abused its discretion." *Id*. at *3. The Fourth Circuit noted specifically that when an inmate submits a request for *nunc pro tunc* designation, the "BOP may not simply defer to the expressed views of the federal sentencing court; rather, BOP must exercise its own *independent judgment*, taking into account all applicable factors in § 3621(b), including the views of the sentencing court." *Id*. at *4 (emphasis added). Thus, the view or consent of the sentencing court is not the determinative factor, but merely one of several factors the BOP must consider under § 3621(b) in evaluating a request for *nunc pro tunc* designation. In reversing and remanding, the Fourth Circuit directed the district court to enter an order instructing the respondents to reconsider Trowell's request for *nunc pro tunc* designation.

Respondent argues in her objections to the Report that the most important factor for the BOP to consider in evaluating a request for *nunc pro tunc* designation is the desire of the sentencing court. Respondent also argues that the factors contained in § 3621(b) that are applicable to this case weigh in favor of rejecting Petitioner's designation request. Respondent fails to acknowledge that the BOP had indicated in its inquiry to the sentencing court its inclination to grant the Petitioner's designation request. Respondent also fails to distinguish between the persuasive authority cited by the Magistrate Judge, *Trowell v. Beeler*, and the instant case, which this court believes is directly on point with *Trowell*. Respondent concludes

4

her objections by asserting that 18 U.S.C. § 3584(a)[3] and §3621(b) should work in tandem, yet cites no authority for this position.

Having reviewed the record, applicable case law, and the Respondent's objections, the court can find no reason to stray from the Fourth Circuit's well-reasoned, albeit unpublished opinion in *Trowell*.

### Conclusion

For the reasons stated above and for the reasons stated in the Magistrate Judge's Report, the court overrules all objections and adopts and incorporates by reference the Magistrate Judge's [Docket Entry #12] Report and Recommendation. Accordingly, Petitioner's [Docket Entry #1] petition for writ of habeas corpus is **GRANTED IN PART** and **DENIED IN PART**. In particular, Petitioner's petition is **GRANTED** to the extent the BOP is ordered to reevaluate the Petitioner's request for *nunc pro tunc* designation, but Petitioner's petition is **DENIED** to the extent that it seeks credit for the time spent in state custody and release from federal custody. Respondent's [Docket Entry #8] return and motion to dismiss, or in the alternative, motion for summary judgment is **DENIED**.

**IT IS SO ORDERED**.

April 20, 2007                                              s/ R. Bryan Harwell
Florence, South Carolina                          R. Bryan Harwell
                                                                  United States District Judge

---

[3] Title 18 U.S.C. § 3584(a) states that multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates otherwise. Section 3584(a) also states that multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. In the instant case, the sentencing court did not indicate at sentencing whether the Petitioner's federal sentence was to run concurrently or consecutively with the Petitioner's state sentence.